James P. DAVIS, Quarry Holding Company and Community Title Company, Respondents/Cross–Appellant,

v.

CITY OF ST. PETERS, Appellant,

and

St. Charles Quarry, LLC, and Metro Fill Development, LLC, Defendants.

No. ED 93128.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 31, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 13, 2010.

Application for Transfer Denied Dec. 21, 2010.

David T. Hamilton, Matthew J. Fairless, Jeremy K. Johnson, St. Charles, MO, for Appellant.

Robert D. Blitz, Ellen W. Dunne, Douglas A. Stockenberg, St. Louis, MO, for Respondent.

Before ROY L. RICHTER, C.J., GEORGE W. DRAPER III, J., and GLENN A. NORTON, J.

## ORDER

PER CURIAM.

Quarry Holding Company, James P. Davis, and Community Title Company (hereinafter and collectively, "QHC") brought suit against the City of St. Peters (hereinafter, "the City"), claiming it breached their 1989 Sale Agreement (hereinafter, "the Sale Agreement") and the Right of First Refusal Agreement executed in connection with the sale of property for a landfill. Following a bench trial, the trial court found in favor of QHC, awarding it $2.2 million in damages on the breach of the Sale Agreement and $350,000 on the breach of the Right of First Refusal Agreement.

The City appeals, raising eleven points on appeal. The City alleges the trial court's judgment is erroneous because: QHC did not have standing to sue; QHC was collaterally estopped from relitigating the intent of the Sale Agreement; the City never commenced dumping waste at the landfill; the City was released from liability for gate fees after it sold the landfill; QHC's claims were brought after the expiration of the statute of limitations; there were no liquidated damages from which an award of prejudgment interest could be made; the award for future damages was speculative; and the damage award was duplicative. QHC cross-appeals, claiming the trial court failed to award it damages for two years in which it believes the City dumped waste at the landfill.

We have reviewed the briefs and the record on appeal and find the claims of error to be without merit. No precedential or jurisprudential purposes would be served by an opinion restating the detailed facts and principles of law. We have, however, provided a memorandum for use of the parties only, setting forth the reasons for our decision. We affirm the judgment pursuant to Rule 84.16(b).